UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES JOSEPH JULUKE, JR., an individual, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:14-CV-00393-N |
| SIMON PROPERTY GROUP (TEXAS), L.P., a Texas Limited Partnership, and MACY'S RETAIL HOLDINGS, INC., a New York Corporation, | § § § § § § | |
| Defendants. | § | |

## DEFENDANT MACY'S RETAIL HOLDINGS, INC.'S RESPONSE AND OBJECTION TO STIPULATION OF DISMISSAL OF SIMON PROPERTY GROUP (TEXAS), L.P.

**TO THE HONORABLE JUDGE OF THE COURT:**

Defendant Macy's Retail Holdings, Inc. ("Macy's") responds and objects to the Stipulation of Dismissal filed by Plaintiff as to Simon Property Group (Texas), L.P. ("Simon"), ECF #15.

### I.

1. Simon and Plaintiff stipulated to the dismissal of Simon from this action without prejudice on May 19, 2014. However, the stipulation did not comply with Fed. R. Civ. P. 41, which requires signature by all parties who have appeared. Macy's filed its Answer on April 25, 2014. Macy's did not sign the stipulation, thus ECF #15 is ineffective to dismiss Simon from this lawsuit without Court approval.

### II.

2. Macy's objects to dismissal of Simon from this lawsuit.

3. Both Simon and Macy's operate property at the Irving Mall, generally located at 3800 Irving Mall, Irving, Texas 75062 ("Irving Mall"). A written agreement between them requires Simon to operate and maintain the "Common Area" at the Irving Mall, and to defend and indemnify Macy's. Plaintiff's claims against Macy's include the Common Area.

4. Upon information and belief, Simon entered into a separate settlement agreement with Plaintiff, although Plaintiff has refused to disclose the terms of the agreement. Macy's must know the terms of the agreement to determine whether Simon's settlement agreement has an effect on Macy's liability to Plaintiff, and whether Macy's should assert a cross-claim against Simon.

### III.

For the foregoing reasons, Macy's asks the Court to deny Plaintiff's Stipulation of Dismissal as to Simon, ECF #15, and grant Macy's such other and further relief to which it may be justly entitled.

**GORDON & REES LLP**

*/s/Margaret R. Mead*
**ROBERT A. BRAGALONE**
State Bar No. 02855850
BBragalone@gordonrees.com
**MARGARET R. MEAD**
State Bar No. 00792482
MMead@gordonrees.com
2100 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 231-4660 Telephone
(214) 461-4053 Facsimile

**ATTORNEYS FOR DEFENDANT
MACY'S RETAIL HOLDINGS, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served on June 27, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5.  Any other counsel of records will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

      /s/ *Margaret R. Mead*
      Margaret R. Mead