IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES JOSEPH JULUKE, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-393-N |
| | § | |
| SIMON PROPERTY GROUP (TEXAS), L.P., *et al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendant Macy's Retail Holdings, Inc.'s ("Macy's") response and objection to the stipulation of dismissal of Defendant Simon Property Group (Texas), L.P. ("Simon") [Doc. 20]. The Court agrees that the stipulation violates Federal Rule of Civil Procedure 41 and vacates the dismissal.

Pursuant to Rule 41, a plaintiff may voluntarily dismiss a defendant without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A)(ii).[1] Plaintiff James Joseph Juluke, Jr.'s stipulation of dismissal of Simon was signed only by Juluke and Simon – not Macy's – and thus does not satisfy the requirements of Rule 41. *See* Stipulation of Dismissal [15]. The Court considers the stipulation ineffective and vacates the dismissal. Should Juluke seek to dismiss Simon from

---

[1] A plaintiff may do so without the signatures of the other parties before the opposing parties answer the complaint or file a motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). As Macy's has answered the complaint, however, that option is not available to the plaintiff here.

ORDER – PAGE 1

the case, he must either file a stipulation of dismissal signed by all of the parties or submit a motion to the Court.

Signed July 22, 2014.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 2